UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

LATOYA GUILLORY                          CIVIL ACTION 09-1391

VERSUS                                   U.S. DISTRICT JUDGE DEE DRELL

DOLGENCORP, LLC
                                         U.S. MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **Doc. 8**, referred to me by the district judge for report and recommendation.

Plaintiff sues on behalf of her minor son for damages as a result of a trip and fall at the Dollar General store in Alexandria. Suit was filed in state court in Rapides Parish and timely removed by the defendant to this court based on diversity jurisdiction. Defendant stated, in its Notice of Removal, that the amount in controversy exceeds the jurisdictional limits of this court, $75,000, based on the allegations contained in the state court petition and the fact that plaintiff's attorney refused or failed to sign a stipulation proposed by defendant's counsel that the amount in dispute is less than the jurisdictional limits. In the notice of removal, defendant cites "Jeffcoats, 2001 WL 1561803 *2" for the legal proposition that "Courts have considered a party's refusal to sign a stipulation

1

of damages for purposes of determining subject matter jurisdiction based on §1332."[1] In its brief in opposition to plaintiff's motion to remand, defendant asserts that the case is also removable because conversations between counsel indicated the amount in dispute was met. Defendant suggests that plaintiff's injuries are said to include having had 15 stitches to his forehead, months of headaches and possible scarring. However, there are no medical records or reports or even correspondence attached to the notice of removal or to the brief supporting those claims. Plaintiff moves to remand asserting that defendants have failed in their burden to prove that the amount in dispute exceeds $75,000, the jurisdictional amount in this court.

<u>Analysis</u>.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages.  <u>Allen v R & H Oil and Gas Co.</u>, 63 F.3d 1326 (5th Cir. 1995).  Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may

---

[1] 28 USC §1446 requires that a notice of removal contain a "short and plain statement of the grounds for removal . . .".  Here the notice of removal is, in essence, a brief in support of removal and is  wholly improper.

refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount.  St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable.  Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought, except in certain circumstances. La. Code Civ. P., Art. 893.  Therefore, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra.  The defendant may make this showing in either of two ways: (1) by demonstrating that it is facially apparent from the complaint that the claims are likely above $75,000, or (2) by setting forth the facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.  Allen, 63 F.3d at 1335.  See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute, for example, that prohibits recovery of more than the amount sought.  De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding

3

stipulation or affidavit <u>with her petition</u>. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. <u>St. Paul Mercury</u>, supra.  While post removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is, not facially apparent, at the time of removal.  <u>Gebbia v. Wal-Mart Stores, Inc</u>., 233 F.3d 880 (5th Cir. 2000); <u>Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A</u>., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); <u>St. Paul Mercury</u>, supra.  See also,  (<u>De Aguilar</u> II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal.  <u>Allen</u>, 63 F.3d  at 1335.

Plaintiff's petition does not allege entitlement to a specific amount of damages. Neither is it facially apparent that the damages exceed the jurisdictional limit.  Rather, the claims made in this case are similar to those made with little specificity in <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th

4

Cir. 1999).  Compare <u>Luckett</u> supra, and <u>Gebbia</u>, supra.
Therefore, defendant must show by a preponderance of other
evidence that the amount in dispute is more than $75,000.

Defendants produced no medical or other evidence in support
of their petition for removal, relying instead on plaintiff's
failure to agree to a stipulation as to damages, on the
allegations contained in the complaint and on the conversations
had with plaintiff's counsel (which are not memorialized).  No
affidavits are filed. Although defendant cites <u>Jeffcoats</u>, supra,
for the proposition that the court can consider the failure to
sign a stipulation as one factor in determining whether
jurisdiction is met, I do not find such a suggestion in
<u>Jeffcoats</u>.

Defendants had no evidence whatsoever upon which to base
removal of this case. Further, defendants have not produced any
evidence in support of removal. In any event, plaintiff has now
clarified the amount sought. <u>Marcel v. Pool Company</u>, 5 F.3d 81 at
85 (5th C. 1993). As defendants have failed in their burden to
show by a preponderance of the evidence that the amount in
dispute meets the jurisdictional requisites of this court, the
motion to remand should be granted.

Further, attorney fees in the amount of $500 should be
awarded for the improvident removal of this case.

For these reasons, IT IS RECOMMENDED that the motion to

remand, doc. #8, be GRANTED and that attorney fees be awarded in the amount of $500.

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 6th day of November, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

7